## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAHEEM RASHEED ABUBARDAR,<br>Pettioner.<br><br>Vs.<br><br>MAURA S. DOYLE, et al;<br>    AND<br>ROBERT A. CREEDON<br>    AND<br>MARTHA S. COALEY<br>    AND<br>EVA A. BADWAY.<br>    Respondents. | CIVIL ACTION DOCKET<br>NO: |

---

### PETITIONER'S VERIFIED COMPLAINT

Respectfully Submitted By

Raheem Rasheed Abubardar,
2 Clark Street
P.O.Box 43
Norfolk, Mass. 02056

Dated; April 18, 2012;

Respectfully Submitted By

Raheem Rasheed Abubardar
2 Clark Street
P.O.Box 43
Norfolk, Mass. 02056

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAHEEM RASHEED ABUBARDAR<br>  Petitioner.<br><br>  Vs.<br><br>MAURA S. DOYLE, et al<br>  AND<br>ROBERT S. CREEDON.<br>  AND<br>MARTHA COAKLEY<br>  AND<br>EVA M. BADWAY,<br>  Respondents. | CIVIL ACTION DOCKET<br>NO:_____: |

VERIFIED COMPLAINT FOR: (i) DECLARATORY AND FOR
INJUNCTIVE RELIEF AND (ii) CIVIL RIGHTS VIOLATIONS.

## I. PRELIMINARY STATEMENT.

1. This Civil action Complaint is brought to
compel the Respondents to comply with the Petitioner's
Massachusetts State Constitutional Substantive and Procedural
Due Process Rights, and Statutory Substantive and Procedural
Due Process Rights to Access of the Courts to have an
Evidentiary hearing on his State Writ of Habeas Corpus Peti-
tion.

In this case, the Respondents Maura S. Doyle and
Robert S. Creedon are under Constitutional and Statutory
mandates to provide Petitioner, unencumbered, access to a
Court to hold an evidentiary hearing: to determine whether

-1-

or not the Petitioner is being unconstitutionally and unlaw-
fully held in violation of his liberty interest of Freedom—
based upon an unlawful conviction. Matters of which the
Massachusetts Constiution, Part II, Chapter 6, Article 7,
and Mass. General Law Chapter 248, Section(s) [§§] 1, 2,
3, 4, and 15 mandates that the Petitioner duly be
accorded due process in the form of said hearing.

    **Moreover**, Respondent Robert S. Creedon was
ordered by the Massachusetts Supreme Judicial Court's Single
Justice, pursuant to Mass. General Law Chapter 211, Section
4A— to address and resolve the Petitioner's state Habeas
Corpus Petition, but has intentionally failed to do either,
for over the last four and a half months since issuance of the
Single Justice's Order.

    **In** addition, Respondent Martha Coakley and
Respondent Eva M. Badway are aware of the Petitioner's State
Habeas Corpus Petition, and are under Statutory duty to over-
see and resolve said Habeas Corpus Petition on behalf of the
Commonwealth of Massachusetts: in accordance with Mass. Gen-
eral Law Chapter 12, §3. Moreover, for the last four and a half
months, both have conspired with Respondents Maura S. Doyle and
Robert S. Creedon to deny and delay the Petitioner's substan-
tive and procedural due process rights to access the court,
requisite to conducting his required evidentiary hearing.

-2-

Accordingly, the Respodent; actions are "un-
warranted" violations of the Petitioner's ability to freely
exercise his First Amendment Right: to Access To The Courts;
and utterly disregards his Fourteenth Amendment, §1, Right
of "Equal Treatment and Protections of the Laws" .and. §1's
"Due Process of Law".

## II. JURISDICTION.

2. This United States District Court has lawful
Jurisdiction over the United States Constitution violations
set forth herein this verified civil action. Which is being
properly brought under (i) Title 28 U.S.C. §§ 2201 and 2202:
for Declaratory and Injunctive Relief; (ii) Title 42 U.S.C.
§§ 1983: Civil Rights; 1985: Conspiracy to violate the Peti-
tioner's Civil Rights; 1986: Failure To Prevent the violations
of the Petitioner's civil rights; and 1988: Vindication of
of the violations of the Petitioner's civil rights by the
Respondents.

## III. THE PARTIES.

3. The Petitioner, Raheem Rasheed Abubardar, is
and was at all times mentioned herein this verified complaint
incarcerated at the Massachusetts Correctional Institution
(MCI) Norfolk. 2 Clark Street / P.O.Box 43. Norfolk, Mass.
02056.

-3-

4. The Respondent Maura S. Doyle is and was at
all times relevant and mentioned herein this verified com-
plaint the Clerk/Magistrate of the Massachusetts Supreme
Judicial Court Single Justice's Session. One Pemberton Square.
John Adams Court House,Suite 1300. Boston, Mass. 02108.

5. The Respondent Robert S. Creedon is and was at
all times relevant and mentioned herein this verified com-
plaint the Clerk/Magistrate of the Plymouth County Superior
Court. 52 Obery Street, 2nd Floor. Plymouth, Mass. 02360.

6. The Respondent Martha Coakley is and was at
all times relevant and mentioned herein this verified com-
plaint the Attorney General of the Commonwealth of Massa-
chusetts, pursuant to Mass. General Law Chapter, 12, Section
(§) 1, ("G.L..c. 12, §1). McCormack Bldg. One Ashburton
Place. Boston, Mass. 02108.

7. The Respondent Eva M. Badway is and was at
all times relevant and mentioned herein is the Assistant
Attorney General for the Commonwealth of Massachusetts,
pursuant to G.L.c. 12, §2. McCormack Bldg. One Ashburton
Place, Boston, Mass. 02108.

### IV. COLOR OF LAW STATEMENT.

8. At all times relevant and mentioned herein
this verified complaint the Respondents: (i) Maura S. Doyle;
(ii) Robert S. Creedon; (iii) Martha Coakley; and (iv) Eva M.

-4-

Badway were employed by the Commonwealth of Massachusetts, and acting under the color of state law when the violations— cited herein this complaint— occurred to the Petitioner.

Unwarranted egregious violations of the Petitioner's State Constitution and Statutory Liberty In- terest Rights, for which the Respondents are rightfully being sued in their following capacities:

i) Respondent Maura S. Doyle is being sued in her Official Capacity for Declaratory Relief, under Title 28 U.S.C. §§ 2201 and 2202;

And Respondent Maura S. Doyle is being sued in her Personal and Individual Capacity for Damages, under Title 42 U.S.C. §1983— for the civil rights claims violations;

ii) Respondent Robert S. Creedon is being sued in his Official Capacity for Declaratory Relief, under Title 28 U.S.C. §§ 2201 and 2202;

And Respondent Robert S. Creedon is being sued in his Personal and Individual Capacity for Damages, under Title 42 U.S.C. §1983— for the civil rights claims violations;

iii) Also Respondents Martha Coakley and Eva M. Badway are being sued only in their Official Capacities, under Title 28 U.SC. §§2201 and 2202.

These two Respondents are not being sued for damages.

-5-

## V. JURY TRIAL REQUESTED.

9. The Petitioner request a Jury Trial on all issues for which the law allows.

## VI. A BRIEF STATEMENT OF THE FACTS.

10. October 27, 2011, Petitioner filed a Commonwealth of Massachusetts State (Statutory) Writ of Habeas Corpus, pursuant to Mass. General Law Chapter. 248, Section (§) 1 (G.L.c. 248, §?) (Exhibit #1: p.2, at paper entries #5-7) (hereinafter "Exh#_.p_,¶_"). Also, the Petitioner's Habeas Corpus was filed in accordance with the Massachusetts State Constitution mandates of Part II, Chapter 6, Article 7.

11. The following month of November 2011, the Commonwealth responded via filing an opposition to dismiss the Petition for Writ of Habeas Corpus (Exh#1, p.3, at paper entry #17).

12. On November 21, 2011, Respondent Eva M. Badway filed her timely notice of appearance on behalf of the Commonwealth (Exh#1, p.3, at paper entry #19).

13. On December 7th, 2011, Petitioner filed his his Reply/Rebuttal Brief to the Commonwealth's response/opposition to his petition for State Writ of Habeas Corpus (Exh#1, p.3, at paper entry#26).

-6-

14. On December 8th, 2011, the Single Justice
of the Massachusetts Supreme Judicial Court entered an order
of Transfer (pursuant to G.L.c. 211, §4A) of the Petitioner's
State Habeas Corpus Petition to Respondent Robert S. Cree-
don for further proceedings and final disposition (Exh#1,
p.1, p.3; paper entry#29; see Exh#2, pp.1-2).

15. On January 9th, 2012, Petitioner filed an
application for civil contempt of the Single Justice's
tranfer order against Respondent Robert S. Creedon: for
failing to notify and to schedule the Petitioner for an
evidentiary hearing— as mandated/required by the State
Habeas Corpus Statute G.L.c. 248, §15, and the Massachusetts
Constitution: Part II, Chapter 6, Article 7 (Exh#1, p.4, at
paper entry#33; Exh#3, p.6; and Exh#5, p.1).

16. It has been a total of four and a half months since
the Petitioner first filed his State Writ of Habeas Corpus,
and the Respondents Maura S. Doyle and Robert S. Creedon
have not issued the warranted Writ of Habeas Corpus pursuant
to G.L.c. 248, §4 (Exh#3, p.4).

17. Respondents Maura S. Doyle and Robert S.
Creedon (both) have a Statutory Duty pursuant to the State
Writ of Habeas Corpus Statute G.L.c. 248, §§4 and 5
to immediately, without delay, issue a Writ of Habeas Corpus
when they were served with a copy of the Petition for Habeas

Corpus Relief (Exh#3, pp.4-5). For Instance:

   i) Respondent Maura S. Doyle was required by
G.L.c. 248, §§4-5, to issue the Writ of Habeas Corpus on
October 27, 2011, when she first received the Petitioner's
Petition (Exh#1, p.2, at paper entries#5-7). And

   ii) Respondent Robert S. Creedon was required by
G.L.c. 248, §§4-5 to issue the Writ of Habeas Corpus on
December 14, 2011 (Exh#1, at p.4, paper entry#29; see Exh#2,
pp.1-2, and see Exh#4, at p.3, paper entry#1).

   18. Respondents Maura S. Doyle and Robert S.
Creedon's failure to obey and comply with the Petitoner's
Statutory substantive and procedural due process rights and
issue the required Writ of Habeas Corpus denies and deprives
him of his First Amendment United States Constitution Right
of Access to the Court to challenge the unlawful restraint
of his liberty interest right of Freedom. For Instance:

   i) The Massachusetts Constitution, Part II, Chapter 6,
Article 7, guarantees Petitioner that he shall be entitled
to the following: ("The privilege and benefit of the writ
of habeas corpus shall be enjoyed in this common-
wealth in the most free, easy, cheap, expeditious
and ample manner") (Exh#5, p.1)

   ii) The habeas Corpus Statute G.L.c. 248, §15,
guarantees Petitioner that he shall be entitled to the fol-
lowing proceedings: ("After the writ has been returned, the

prisoner may deny any of the facts set forth
in the statement and may allege any other facts;
and the court or justice shall examine summarily
and without delay the causes of the imprisonment
of restraint, hear the evidence produced by any
persons interested or authorized to appear and
dispose of the prisoner as law and justice
require") (Exh#3, p.6).

19. Respondents Maura S. Doyle and Robert S.
Creedon's failure to obey and comply with the Pettioner's
Statutory substantive and procedural due process rights and to
issue the required Writ of Habeas Corpus denies and deprives
him of his Fourteenth Amendment United States Constitution
Right under §1's Due Process Of Law; And under §1's Equal
Treatment and Protection of the Law in the pursuit of
obtaining his Liberty Intrest Right of his Freedom from
unlawful restraint/incarceration.

20. And this will be the "second time" that the
petitioner has had to file a civil action law suit against
Respondent Maura S. Doyle in the Massachusetts United States
District Court: for violating Petitioner's First and Four-
teenth Amendment United States Constitution Right of Access
to the Court and Entitlement to Due Process of Law (Exh#6,
pp.1- )[Note the action shown in Exh#6 is not being reliti-
gated. This instant civil action complaint is new
and independent of prior civil action involving
the Respondent Maura S. Doyle and has already been
settled out of court].

21. The Respondents Martha Coakley and Eva

-9-

M. Badway have a Statutory duty under G.L.c. 12, §3 to re-
present the Commonwealth of Massachusetts and its state
agencies. Likewise the Respondents also have a statutory
duty, under G.L.c. 12, §3E, after investigation discovery
or determine that a plaintiff/petitioner is entitled to
relief damages or otherwise settle any such action at any
time. For Instance:

    i) Both Respondents Martha Coakley and Eva M.
Badway are well aware of the mandate that Respondents
Maura S. Doyle and Robert S. Creedon are required to issue
the Writ of Habeas Corpus in accordance with G.L.c. 248,
§§ 4-5 (Exh#3, pp.4-5);

    ii) And both Respondents Coakley and Badway
are also aware of the Mass Constitution,Part II, Chapter 6,
Art.77, mandate that Petitioner be given an evidentiary
hearing (Exh#5) p.1);

    iii) And furthermore, both Respondents Coakley and
Badway are also aware of the Statutory mandate that the
Pettioner shall be given an evidentiary hearing in accordance
with G.L.c. 248, §15 (Exh#3, p.6).

    22. As a direct result of both Respondents
Martha Coakley and Eva Badway failures to insure that the
Petitoner's substantive procedural due process rights to
issuance of Writ of Habeas Corpus and evidentiary hearing

-10-

has been afforded to him as required by law, the Petitioner
is being denied and deprived of his **First Amendment Right to
Access of the Court,**and his Fourteenth Amendment Right to
substantive and procedural due process of law and also his
entitlement to equal treatment and protection of the law—
as guaranteed by the United states Constitution.

### VII. APPLICABLE LAW GOVERNING RESPONDENTS' DUITES TO ISSUE THE PETITIONER'S WRIT OF HABEAS CORPUS AND TO SCHEDULE HIM FOR AN EVIDENTIARY HEARING:

23. Respondents Maura S. Doyle and Robert
S. Creedon (both) have the following Massachusetts Consti-
tution and Statutory duties to issue Petitioner's Writ of
Habeas Corpus and to Schedule and Conduct an Evidentiary
Hearing:

i) Mass Constitution,Part II, Chapter 6, Art. 7,
states in relevant parts:

"<u>Habeas</u> <u>Corpus</u>. The privileges and benefit of the
the <u>Writ</u> <u>of</u> <u>Habeas</u> <u>Corpus</u> <u>Shall</u> be enjoyed in this
Commonwealth in the most <u>free, easy, cheap,
expditious and ample</u> manner; <u>And</u> <u>shall</u> <u>not</u> <u>be
suspended by the legislature</u>" (Exh#5, p.1);

ii) Mass Habeas Corpus Statute G.L.c. 248, §4,
states in relevant part:

"<u>Issuance Of Writ; Return</u>. The court or <u>Magistrate</u>
to whom the petition is presented <u>shall, without dely,
issue a writ of habeas corpus, substantially in the
form herefore established forthwith</u> to the Supreme

-11-

Judicial Court, or a jsutice thereof, at such
place as shall be designated" (Exh#3, p.4);

iii) **Mass** Habeas Corpus Statute G.L.c. 248, §15,
states in relevant part:

"Causes Of Imprisonment; Examination. After
the writ has been returned, the prisoner may deny
any of the facts set forth in the statement and may
allege any other material facts; and the court or
justice shall examine summarily and without delay
the cause of the imprisonment or restraint, hear
the evidence produced by any person interested or
authorized to appear and dispose of the prisoner
as law and justice require." (Exh#3, p.6);

24. **Respondents** Maura S. Doyle and Robert S.
Creedon (both) have the following Statutory and Massachusetts
Supreme Judicial Court Rules and Code of Professional Respon-
sibilities As Clerks of the Courts:

i) **Mass** Statutory Authority Governing The Duties
Of The Clerk of Court G.L.c. 221, §2, states in relevant
parts:

"The clerk shall attend all session of the court,
preserve all the files and papers thereof, keep
a docket record of all questions transferred, and
of all petition, complaints or other processes
presented to the court, and enter thereon the names
of the parties in full and of counsel who appear
in their behalf, and a brief description of the
nature of the action or proceedings. . . . . . all
rescripts made or ordered by the court and the papers

-12-

which belong to the Supreme Judicial Court. . . .
He **shall issue such writs** or other processes as
the court orders...." (Exh#7, p.1);

ii) Mass. Supreme Judicial Court Rule 3:12
Code of Professional Responsibility for Clerk of the Courts
states in relevant part:

"**CANON 2. Compliance With Statutes Rules Of Court.**
A **Clerk Magistrate shall comply with the laws of
the Commonwealth.** The words "judicial authorities"
in this Code, unless otherwise expressly provided,
shall mean the Justices of the Supreme Judicial
Court and Appeals Court, the Chief Administrative
Justice of the Trial Court, the Adminsitrative
Justices of the several Department of the Trial
Court, or Associate Justice of the Trial Court,
as is appropriate under the circumstances "
(Exh#8, p.1);

25. Respondent Robert S. Creedon is obligated
to adhere to and perform the following Statutory duty
pursuant to G.L.c. 211, §4A, which states in relevant part:

"The supreme judicial court or justice of the
single jsutice thereof may transfer for partial
of final disposition in any appropriate lower
court any cause or matter which might otherwise
be disposed of by a single jsutice, and said
lower court shall thereupon have jurisdiction
thereof, subject to appeal, and shall have such
assistance from other department or from the use
**writs and process as the law provided shall be**

-13-

> <u>available</u> <u>to</u> <u>it</u> <u>or</u> <u>any</u> <u>other</u> <u>court</u> <u>with</u>
> <u>respect</u> <u>to</u> <u>like</u> <u>causes</u> <u>or</u> <u>matters</u>." (Exh#9, p.1);

26. Respondents  Maura S. Doyle and Robert S.
Creedon have no immunity from misconduct as Clerks of the
Courts when they intentionally fail to perform their duties
prescribed by law:

i) **Mass** Statutory Authority Governing Clerk of
Courts Misconduct G.L.c. 221, §31, states in relevant part:

> "The two preceding sections shall not exempt a clerk
> or assistant clerk from an action for any other
> breach of the condition of his bond or from his
> liability in any other way or to any party for
> neglect or misconduct in his office " (Exh#10, p.1);

27. Respondents Martha Coakley and Eva M.
Badway have specific related obligations to adhere to, and
prescribed duties to perform, when the Commonwealth is a
named party in a civil law suit:

i) **Mass** Statutory Authority Governing The Duties
of the Attorney General Appearances For The Commonwealth,
Prosecution Or Defense, states in relevant part:

> "The attorney general shall appear for the common-
> wealth and for states department, officers and
> commissions in all suits and other civil proceedings
> in which the commonwealth is a party or interested,
> or in which the official acts and doings of said
> departments, officers and commissions are called in
> question, in all the courts of the commonwealth,

-14-

except upon criminal recognizances and bail bonds,
and in such suits and proceeding  before any other
tribunal, including the prosecution of claims of
the commonwealth against the United States, when
requested by the governor or by the general court
or either branch thereof. All such suits and pro-
ceedings shall be prosecuted or defended by him
or under his direction. Writs, summonses or other
process served upon such officers shall be forth-
with transmitted by them to him.
.... All legal services required by such departments
 officers, commissions and commissioners of pilots
for district one in matters relating to their
official duties shall, except as otherwise provided,
be rendered by the attorney general." (Exh#11, p.1);

ii) Mass Statutory Authority Governing The Action
Against Officers Or Employees states in relevant part:

 ".... The attorney general may adjust or settle any
such action at any time before, during or after
trial, if he finds after investigation that the
plaintiff is entitled to damages from such officer
or employee " (Exh#12, p.1).

VIII. <u>LEGAL CLAIMS FOR RELIEF</u>.

COUNT I.

<u>REQUEST FOR DECLARATORY JUDGMENT: AGAINST
RESPONDENTS IN THE NATURE OF A BINDING DECLARATION OF
LAW— DECLARING THEIR DUTIES UNDER STATE LAW AND THE
PETITIONER'S FEDERAL CONSTITUTION RIGHTS.</u>

-15-

28. **The** Petitioner hereby re-affirms and re-
alleges the averments contained in §VI: ¶¶10-22, of this veri-
fied complaint and make them a part of Count I, and incor-
porate these averments into Count I by reference herein.
**Accordingly,** the Petitioner respectfully request that this
Court Enter a Binding Declaration of Law Declaring That:

i) **The** Respondents (a) Maura S. Doyle and (b)
Robert S. Creedon violated their duties set forth in §VII:
¶¶23-23(iii), pp.11-12, of this complaint;

ii) **Respondent** Maura S. Doyle violated her duties
set forth in §VII: ¶24(ii), p.13, of this complaint;

iii) **Respondent** Robert S. Creedon violated his duties
set forth in §VII: ¶¶24-24(ii), pp.12-13, of this complaint;

iv) **Respondents** Martha Coakley and Eva M. Badway
violated their duties set forth in §VII: ¶¶27-27(ii), pp.14-
15, of this complaint.

29. **Petitioner** hereby re-affirms and re-
alleges the averments contained in §VI: ¶¶10-22, pp.6-10, of
this complaint and make them a part of Count I, and incor-
porate these averments into Count I by reference herein.
**Accordingly,** the Petitioner request that this Court Enter a
Binding Declaration of Law Declaring that:

i) **The** Respondents (a) Maura S. Doyle and (b)
Robert S. Creedon violated, Petitioner's **First Amendment**

-16-

United States Constitution Right of Access to the Courts, and
consequently deprived him of his Massachusetts Constitution
and Statutory required/mandated entitlement to the Issuance
of Writ of Habeas Corpus and Evidentiary Hearing;

  ii) The Respondents (a) Maura S. Doyle and
Robert S. Creedon violated Petitioner's Fourteenth Amendment
United States Constitution Rights to Substantive and Pro-
cedural Due Process of Law: when both failed to issue said
(required) writ of habeas corpus as mandated by the Mass
state Constitution, Part II, Chapter 6, Art. 7, and Statute
G.L.c. 248, §4. Consequently, both deprived the Petitioner
of a subsequent mandatory evidentiary hearing — accorded
him via Part II, Chapter 6, Art. 7, of the Mass Const., and
G.L.c. 248, §15;

  iii) The Respondents (a) Maura S. Doyle and (b)
Robert S. Creedon violated and deprived Petitioner of his
Fourteenth Amendment United States Constitution Right to
Equal Treatment and Protection of the law: by their inaction/
default— i.e., not issuing the writ of habeas corpus and
scheduling Petitioner for his mandatory/required evidentiary
hearing;

COUNT II.

TITLE 42 U.S.C. §1983, CLAIMS FOR DAMAGES<br>FOR CIVIL RIGHTS VIOLATIONS.

-17-

29. The Petitioner hereby re-affirm and re-
alleges the averments contained in §VII: ¶¶10-27(ii) of this
complaint and make them a part of Count II, and incorporate
these averments into Count II by reference herein. Accord-
ingly, Petitioner request that this Court Awards Him Damages
in the nature of:

i) Compensatory Damages in the amount of $75,000
dollars from Respondents Maura S. Doyle and Robert S. Cree-
don— individually, i.e., each and separately, for the viola-
tion of the Petitioner's First Amendment United States
Constitution Right of Access to the Courts;

ii) Nominal Damages in the amount of $75,000.
dollars from Respondents Maura S. Doyle and Robert S. Cree-
don— individullay, i.e., each and separately, for the viola-
tion of the Petitioner's First Amendment United States
Constitution Right of Access to the Courts;

iii) Punitive Damages in the amount of $150,000.
dollars from Respondents Maura S. Doyle and Robert S. Cree-
don— individually, i.e., each and separately, for the viola-
tion of the Petitioner's First Amendment United States
Constitution Right of Access to the Courts;

iv) Compensatory Damages in the amount of $85,000.
dollars from Respondents Maura S. Doyle and Robert S. Cree-
don— individually, i.e., each and separately, for the viola-

-18-

tion of the Petitioner's Fourteenth Amendment United
States Constitution Right to (a) Equal Treatment and Pro-
tection of the Law — (14th Amend. §1 U.S.C.) and (b) Sub-
stantive and Procedural Due Process of Law— (14th Amend. §1
U.S.C.)— i.e., required issuance of a writ of habeas corpus,
and scheduling of an evidentiary hearing;

   v) Punitive Damages in the amount of $170,000.
dollars from Respondent Maura S. Doyle and Robert S. Cree-
don— individually, i.e., each and separately, for the viola-
tion of the Petitioner's Fourteenth Amendment United
States Constitutional Right to (a) Equal Treatment and Pro-
tection of the Law— (14th Amend. §1 U.S.C.) and (b) Sub-
stantive and Procedural Due Process of Law— (14th Amend. §1
U.S.C.)— i.e., required issuance of a writ of habeas corpus,
and scheduling of an evidentiary hearing;

### IX.   PRAYERS FOR RELIEFS.

   30. The Petitioner hereby respectfully request that
this Court grants and enters the following requested
prayers for reliefs:

   i) Enter a Binding Declaration of Law Declaring
the Petitioner's Rights and the Respondent's Duties to Issue
a Writ of Habeas Corpus and Schedule and Conduct an Evidenti-
ary Hearing as set forth in §VII: ¶¶23-27(ii), pp. 11-15, of
this complaint;

-19-

**ii) Award** the Petitioner Damages in the amounts set forth in §VIII: Count II, ¶¶29-29(v), pp.17-19, of this complaint for the direct cause and intentional violations of the Petitioner's First and Fourteenth Amendment United States Constitution Rights;

**iii) Award** Petitioner Attorney Fees and all costs of the litigation of this civil action lawsuit;

**iv) The** Petitioner seeks a **Jury Trial;**

**v) Allow** the Petitioner to Amend this Complaint to include additional claims and Respondents should the need occur in accordance with Fed.R.Civ.P., 15 et seq;

**vi) Grant** the Petitioner all other relief that this Court deems fit and proper.

## X. <u>SWORN VERIFICATION OF THE COMPLAINT.</u>

**31. The** Petitioner states under the pains and penalties of perjury (pursuant to Title 28 U.S.C. §1746), and hereby verify under the law of the United States of America that he has read this instant civil action lawsuit, and that all averments/statement and/or allegations made herein are known to Petitioner of his own personal knowledge, and that he is compentent to testify to all the averments made herein, and that all averments/statements made herein are truthful to the best of his beliefs and made in good faith with no intentions to be untruthful.

Dated: April ___, 2012

Respectfully Submitted By

Raheem Rasheed Abubardar
2 Clark Street / P.O.Box 43
Norfolk, Mass. 02056

